# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-1901

_____

William Aroldo Raymundo-Rodriguez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 11, 2014
Filed: December 16, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

    Guatemalan citizen William Aroldo Raymundo-Rodriguez (Raymundo)
petitions for review of an order of the Board of Immigration Appeals (BIA) upholding

an immigration judge's (IJ's) denial of withholding of removal.[1]  We find that substantial evidence supports the adverse determination Raymundo is challenging. See De Castro-Gutierrez v. Holder, 713 F.3d 375, 379-81 (8th Cir. 2013) (where BIA essentially adopted IJ's decision, but also added its own reasoning, this court reviews both decisions together under substantial-evidence standard, where reversal is warranted only if petitioner shows that evidence was so compelling that no reasonable fact finder could fail to find in his favor); Gaitan v. Holder, 671 F.3d 678, 680 (8th Cir. 2012) (questions of law are reviewed de novo, according substantial deference to BIA's interpretation of immigration statutes and regulations).  Specifically, Raymundo failed to show a clear probability that his life or freedom would be threatened in Guatemala because of his membership in the particular social groups he identified.  See De Castro-Gutierrez, 713 F.3d at 380 (requirements for withholding of removal); see also Matul-Hernandez v. Holder, 685 F.3d 707, 712-13 (8th Cir. 2012) (Guatemalans who return from United States and are perceived as wealthy is not particular social group for purposes of withholding of removal).  The petition for review is denied.  See 8th Cir. R. 47B.

———————————————————

[1]Raymundo has waived his claims for asylum and relief under the Convention Against Torture.  See Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012).